JACOB ANDERSON, RESPONDENT, *v.* EUNICE J. DOTY, APPELLANT.

*Answer — the verification thereof may be omitted in an action charging the defendant with keeping a bawdy-house.*

The complaint in this action alleged that the defendant kept a bawdy-house, which was a public nuisance, in the vicinity of houses belonging to the plain- tiff, and prayed that the continuance thereof might be enjoined.

*Held,* that the defendant was entitled, under section 523 of the Code of Civil Procedure, to serve an unverified answer; and that as her right so to do appeared upon the face of the complaint, it was not necessary for her to serve with her answer an affidavit stating the reasons for omitting the verification.

APPEAL from an order made at the Monroe Special Term, deny- ing the defendant's motion to require the plaintiff to accept an unverified answer.

The complaint is duly verified and alleges that the defendant owns and keeps a bawdy-house, which is used as a resort for lewd men and women for lewd purposes, and a disorderly house and a nuisance, on Exchange street, in the city of Rochester, in the vicinity of three dwelling houses owned by the plaintiff, and prays that the defendant may be enjoined and restrained from permitting the house to be used as a nuisance.

The defendant served an unverified answer, denying all allega- tions in the complaint, except the ownership of the house com- plained of.

The plaintiff served notice that he should treat the answer as a nullity, for want of verification; the defendant made a motion that the plaintiff should be required to accept the answer.

The motion was denied by the Special Term, and from such order the defendant appeals.

*C. M. Allen,* for the appellant.

*D. Van Voorhees,* for the respondent.

BARKER, J.:

The complaint charges the defendant with doing an unlawful act, which in law constitutes a nuisance and is a crime for which the defendant may be indicted and punished. The defendant was priv-

ileged to omit a verification of her answer, by virtue of section 523 of the Code of Civil Procedure, for the reason that she could not be compelled to testify as a witness concerning the allegation contained in the complaint, that she maintained a house of ill-fame. As this appears on the face of the complaint, it was unnecessary for the defendant to serve with her answer an affidavit stating the reason why she claimed the right to serve an unverified answer. (*Blaisdell* v. *Raymond*, 5 Abb., 144; S. C., 6 id., 148; *Wheeler* v. *Dixon*, 14 How., 151; *Lynch* v. *Todd*, 13 id., 548.)

The case of *Roache* v. *Kivlin* (25 Hun, 150) is not in point, for the reason that the complaint did not charge the defendant with any act which constituted a crime. In that case the alleged cause of action was for a criminal conversation with the plaintiff's wife, and the defendant insisted that if he was required to testify concerning the same it would disgrace him. The court held that it could not be assumed, without proof in some form, that the defendant could not testify as to some of the matters alleged in the complaint, without its having a tendency injurious to his character. A witness is never excused from answering a question for the reason that his answer would tend to disgrace him, unless it is made to appear to the court that such would be its effect. Therefore, in such a case, if a party claims the right to serve an unverified answer to a verified complaint, it should be accompanied by an affidavit by which it will be made to appear that his admission of any material fact in the complaint would tend to bring him into disgrace.

The order appealed from is reversed, with ten dollars costs and disbursements, and the plaintiff required to accept the defendant's unverified answer.

SMITH, P. J., and HARDIN, J., concurred.

Order denying defendant's motion to require plaintiff to accept an unverified answer reversed, with ten dollars costs and disbursements.